**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**KELLY FORTE,**

      **Plaintiff,**                     **Case No.:**

**v.**

**LEE MEMORIAL HEALTH SYSTEM,**
**Doing business as Cape Coral Hospital,**

      **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KELLY FORTE, brings this action and complaint for damages and demand for jury trial against Defendant, LEE MEMORIAL HEALTH SYSTEM, doing business as Cape Coral Hospital, (hereinafter "LMH"), and states:

## JURISDICTION & VENUE

1.  The Court has original jurisdiction over Plaintiff's Title VII of the Civil Rights Act of 1964 ("Title VII") claims pursuant to 28 U.S.C. § 1331. *See* 42 U.S.C. § 2000e *et seq.*

2.  The Court has supplemental jurisdiction over Plaintiff's Florida Civil Rights Act ("FCRA") claims pursuant to 28 U.S.C. § 1367, as these claims are so related to Plaintiff's Title VII claims that they form part of the same case or controversy.

3.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's claims occurred in

Lee County, Florida, which is located within the Fort Myers Division of the Middle District of Florida.

4.      Plaintiff, who at the time of her termination from employment with Defendant was a high-risk pregnant woman, was terminated from her position in violation of Defendant's own rules and policies, and was treated less favorably than other similarly situated employees who were not pregnant.

## SATISFACTION OF CONDITIONS PRECEDENT

5.      On July 5, 2018, Plaintiff dual filed her Charge of Discrimination with the Equal Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"), alleging that Defendant, LMH discriminated and retaliated against her because of her pregnancy, in violation of Title VII and the FCRA. See attached hereto as **Exhibit "A"**.

6.      On November 12, 2020, the EEOC issued Plaintiff her right to sue letter. See attached hereto as **Exhibit "B"**.

7.      Plaintiff files this action within the applicable period of limitations.

8.      All conditions precedent have been satisfied and/or waived.

## PARTIES

9.      At all times material hereto, Plaintiff was a resident of Lee County, Florida.

10.     At all times material to this action Defendant was, and continues to be, a corporation operating the Cape Coral Hospital in Lee County, Florida.

11.   The illegal conduct alleged occurred within the judicial district in and for Lee County Florida.

12.   At all times relevant to this Complaint, Defendant was an "employer" as defined by the Title VII.

13.   At all times relevant to this Complaint, Defendant employed more than 15 persons.

14.   At all times material hereto, Plaintiff was an individual, and an employee of LMH within the meaning of Title VII.

15.   At all times material hereto, Defendant was Plaintiff's employer within the meaning of the FCRA.

16.   At all times material hereto, Plaintiff was an individual and an employee of LMH within the meaning FCRA.

17.   Based on information and belief, Intuitive acquired all, or substantially all, of LMH's assets and liabilities.

## FACTS

18.   From 2011 to 2013, Plaintiff was employed with LMH at its Gulf Coast Hospital facility.

19.   On approximately November 30, 2015, Plaintiff was hired by Defendant as a registered nurse at LMH'S Cape Coral Hospital.

20.   Plaintiff was an exemplary employee, never having as much as a write-up throughout her employment with Defendant.

21.    In 2017, Plaintiff made Defendant aware of her "high risk" pregnancy.

22.    In September 2017, Defendant began preparation for the approaching Hurricane Irma.

23.    One of Defendant's procedures to handle such emergency conditions was to assign an "A" team and a "B" team.

24.    The "A" team was scheduled to be present throughout the entirety of the storm until the "all clear," and the "B" team was scheduled to arrive on Monday September 11, 2017.

25.    Plaintiff was assigned to the "A" team.

26.    Plaintiff reported for work at her assigned time, and worked all day on September 9, 2017, preparing for the hurricane.

27.    However, on the night of September 9, 2017, Plaintiff experienced severe cramping and was concerned about her unborn child.

28.    Plaintiff immediately informed her supervisor on duty, Bill St. Laurent, and was given permission to leave the hospital.

29.    After obtaining permission from her supervisor, Plaintiff left the hospital.

30.    On September 11, 2017, Plaintiff was informed of her termination by Ms. Pat Crowe.

31.    Ms. Crowe advised Plaintiff she was being terminated because she left before the "all clear."

4

32.    Specifically, Ms. Crowe stated to Plaintiff that Plaintiff should have obtained Ms. Crowe's permission, specifically, before leaving the hospital.

33.    Defendant had a written policy in 2017 regarding discipline for absenteeism during a hurricane, S09 06 145, which specifically addresses discipline for those "who either refuse or fail to report to work as scheduled before, during, and after a hurricane emergency," and states that all individuals "may" be subject to corrective action.

34.    The corrective action set forth in S09 06 145 for a first offense of "no show with no notification," is a final warning, not termination.

35.    In this matter, Plaintiff not only "showed," but she worked until she was given express permission to leave.

36.    Regardless, Plaintiff was not treated according to LMH'S policies, but rather was immediately terminated from employment despite having committed no infraction which would merit termination.

37.    Plaintiff did not engage in any conduct that would require termination per the law or LMH's policies.

38.    Specifically, Plaintiff is able to identify individuals who were not high-risk pregnant women on both Team "A" and Team "B" who committed worse infractions during the same hurricane without enduring the same discipline.

39.    For example, unlike Plaintiff, who reported and left with permission, another employee on Team "A," was simply a "no show." That employee was given two written warnings.

40.    Another employee on Team "A," had a non-pregnancy related medical condition, did not appear for her shift, and was not terminated.

41.    Two employees on Team "B," did not report to their assigned shift, and were not terminated.

42.    Plaintiff is specifically aware that non-pregnant employees have received verbal and written warnings prior to termination with respect to attendance-related infractions.

43.    Plaintiff, a high-risk pregnant employee, who reported for work and did not leave until her supervisor told her that she could, was provided no verbal or written warning prior to her termination.

44.    Plaintiff, a high-risk pregnant employee, lost her job and her health insurance at the very moment that she needed it most, due to Defendant's abrupt termination of her employment under circumstances in which she was treated less favorably than employees who were not pregnant.

45.    Plaintiff's unequal treatment was due to the fact that she was a pregnant employee whose absence from work was due to her pregnancy.

## COUNT I - DISCRIMINATION IN VIOLATION OF TITLE VII (PREGNANCY)

46.    Plaintiff re-alleges and readopts the allegations contained in paragraphs 1-45 as if fully set forth herein.

47.    Defendant discriminated against Plaintiff on the basis of her pregnancy.

48.     Defendant disciplined Plaintiff more harshly for her absence due to pregnancy than it disciplined other employees whose absences, even in the same period of Hurricane Irma, were not related to pregnancy.

49.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights to be free from discrimination because of her pregnancy under Title VII.

50.     The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

51.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendants, to deter it, and others, from such conduct in the future.

52.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

### COUNT II - DISCRIMINATION IN VIOLATION OF THE FCRA (PREGNANCY)

53.     Plaintiff re-alleges and readopts the allegations contained in paragraphs 1-45 as if fully set forth herein.

54.     Discrimination on the basis of pregnancy is a violation of the FCRA. *See* Fla. Stat. § 760.10.

55.     Defendant discriminated against Plaintiff on the basis of her pregnancy.

56.     Defendant disciplined Plaintiff more harshly for her absence due to pregnancy than it disciplined other employees whose absences, even in the same period of Hurricane Irma, were not related to pregnancy.

57.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights to be free from discrimination on the basis of her pregnancy under the FCRA.

58.     The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

59.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

60.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Fla. Stat. § 760.11(5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a. An award of back pay and all other benefits, perquisites and other compensation from Defendant which plaintiff would have received had she maintained her position with Defendant, plus interest;
b. An award of front pay, including benefits, insurance and benefits costs, as well as retirement benefits;
c. An award reimbursing Plaintiff for all expenses and financial losses Plaintiff has incurred due to Defendant's actions;
d. Reasonable attorney's fees and costs;
e. Compensatory damages;
f. Punitive damages and;
g. Such other relief as this Court shall deem appropriate.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right.

Dated this 28th day of January, 2021.

Respectfully Submitted,

Angeli Murthy, Esquire, B.C.S.
FL Bar No.:  088768
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
Telephone: (954) 318-0268
Facsimile:  (954) 327-3016
E-mail: amurthy@forthepeople.com
*Trial Counsel for Plaintiff*